UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MARVIN BROOKS** | * | **CIVIL ACTION NO. 12-2578** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **WARDEN, AVOYELLES CORRECTIONAL CENTER** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro Se* Petitioner Marvin Brooks filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on September 26, 2012 [doc. # 1]. Respondent responded to the petition on July 3, 2013. [doc. # 15]. Petitioner, an inmate incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana, attacks his conviction and sentence for possession of marijuana, third offense. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

**BACKGROUND**

The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal:

> In September 2006, Shreveport Police Officer Brad Sotak smelled the odor of burning marijuana as he approached a house on Andrew Street. Sotak knocked on the door and the defendant answered. Sotak patted down the defendant, Mirandized him, and made a protective sweep of the house, finding a cigar filled with marijuana in an ashtray on a bed. The defendant admitted that the marijuana belonged to him.

*State v. Brooks*, 997 So. 2d 688, 690 (La.App. 2 Cir. 2008)

On April 11, 2007, a jury found Petitioner guilty as charged of possession of marijuana, third offense. (R. 59). Petitioner was subsequently adjudicated a Third Felony Habitual

1

Offender and was sentenced to 14 years at hard labor without the benefit of parole, probation, or suspension of sentence. (R. 74). Petitioner appealed to the Second Circuit Court of Appeal on May 19, 2008, raising two issues: (1) the trial court erred in denying the motion to quash, and (2) trial court erred in imposing an excessive sentence. (R. 224). On appeal, the state appellate court affirmed the trial court's decision and Petitioner's sentence. (R. 267-75); *see also Brooks*, 997 So. 2d at 688. On November 25, 2008, Petitioner sought writs to the Louisiana Supreme Court, which was denied on December 18, 2009. (R. 385); *see also State v. Brooks*, 23 So.3d 930 (La. 2009).

On May 27, 2010, Petitioner filed an application for Post Conviction Relief ("PCR") raising three claims: (1) excessive sentence; (2) insufficient evidence to support his conviction; and, (3) ineffective assistance of counsel. (R. 408). The court denied Petitioner's PCR application on November 19, 2010. (R. 433). Petitioner's application for writs was denied by the Second Circuit on December 14, 2011. (R. 563-64). His writ application to the Louisiana Supreme Court was denied on September 12, 2012. (R. 600).

Petitioner filed the instant petition on September 26, 2012, asserting, as his sole claim for relief, ineffective assistance of counsel. [doc. # 1-2, P. 8].

The matter is now before the undersigned.

## LAW AND ANALYSIS

I.      **Standard of Review – 28 U.S.C. § 2254**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, ⎯⎯ U.S. ⎯⎯, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt*, 230 F.3d at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e).

**II.    Petitioner's Claim - Ineffective Assistance of Counsel**

Petitioner alleges ineffective assistance of counsel, arguing that trial "counsel failed to investigate and bring forth evidence (Testimonial and Documentary) at trial." [doc. # 1-2, P. 8].

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2254. *See Clark v. Thaler*, 673 F.3d 410 (5th Cir. 2012); *Amos v. Thronton*, 646 F.3d 199 (5th Cir. 2011);

3

*Pape v. Thaler*, 645 F.3d 281 (5th Cir. 2011).  Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the petitioner of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  To prevail on a claim of ineffective assistance of counsel, a petitioner must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the petitioner does not make a sufficient showing as to one prong of the test, the other prong need not be considered.  *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997).  The prongs of the test also need not be analyzed in any particular order.  *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).  Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  *See Strickland*, 466 U.S. at 689-90.  The petitioner must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the petitioner must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).  Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him."  *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *see also Mangum v. Hargett*, 67

4

F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

On collateral review, the state court denied Petitioner's ineffective assistance of counsel claim, finding "[i]nsufficient information or evidence to support an ineffective assistance of counsel claim has been presented and therefore defendant's application for post conviction relief regarding ineffective assistance of counsel is hereby denied." (R. 425).

In light of the incomplete and conclusory nature of Petitioner's arguments, the undersigned cannot find that the state courts' determinations were an unreasonable application of clearly established federal law. Claims of uncalled witnesses and failure to investigate documentary evidence are not favored in federal *habeas corpus* review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of the content of a prospective witness' testimony are largely speculative. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citing *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)). "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a *habeas* court cannot even begin to apply *Strickland*'s standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

In Petitioner's Reply brief, he argues that "[t]he witness in question who was never subpoenaed to testify was Kimberly Jackson, the leasee of the residence where the alleged incident occurred." [doc. # 19, P. 1]. Accordingly to Petitioner, Ms. Jackson would have

testified "that the home where the incident occurred was not Marvin Brook's residence; petitioner never admitted to smoking or possessing marijuana and that petitioner was only visiting the property that morning." *Id.* at 2. Moreover, Petitioner argues that his inculpatory statement to the police officers is "nowhere in the record." *Id.* at 3. However, Petitioner's argument is unsupported by fact; specifically, Officer Brad Sotak testified during trial that Petitioner confessed "that the partial marijuana blunt that was found in one of the rooms was his and that he had smoked it earlier on in the morning" (R. 128). Officer Sotak also testified that before he had a chance to make contact with and question Ms. Jackson, Petitioner "had already stated the marijuana was his and that he had smoked it." (R. 142). Petitioner fails to provide any evidence that Ms. Jackson would have voluntarily made a statement against her pecuniary interest; i.e, confess that she was the one who possessed the marijuana. Additionally, it is of no consequence that the residence in question may have been owned or leased by Ms. Jackson, given the fact that Petitioner confessed that the marijuana itself was his. Ultimately, Petitioner fails to articulate how Ms. Jackson's testimony would have changed the outcome of his trial.

Petitioner failed to meet the *Strickland* standard in his application for PCR and the state court judge correctly dismissed his initial collateral attack for that reason. Petitioner likewise fails to meet this standard in his current federal *habeas* petition, and accordingly, his claim for relief on the basis of ineffective assistance of counsel should be **DENIED**.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed by Petitioner Marvin Brooks [doc. # 1] be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of July, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE